22-3210-cv
*Corbett v. Hochul, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of November, two thousand twenty-three.

PRESENT:     JOSÉ A. CABRANES,
             SARAH A. L. MERRIAM,
                  *Circuit Judges*,
             JENNIFER L. ROCHON,
                  *Judge*.*

_____

JONATHAN CORBETT,

    *Plaintiff-Appellant*,

      v.     No. 22-3210-cv

KATHLEEN HOCHUL, in her official capacity
as chief executive of the State of New York;
LETITIA JAMES, in her official capacity as
Attorney General of the State of New York;
ERIC ADAMS, in his official capacity as

---

* Judge Jennifer L. Rochon of the United States District Court for the Southern District of New York, sitting by designation.

Mayor of the City of New York; KEECHANT SEWELL, in her official capacity as Police Commissioner of the New York Police Department; INSPECTOR HUGH BOGLE, in his official capacity as Commanding Officer of the New York Police Department, Licensing Division; STEVEN NIGRELLI, in his official capacity as Acting Superintendent of the New York State Police,[1]

    *Defendants-Appellees*.

_____

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | JONATHAN CORBETT, Corbett Rights, P.C., Los Angeles, CA. |
| FOR DEFENDANTS-APPELLEES: | ELINA DRUKER (Richard Dearing, Clause S. Platton, *on the brief*), *for* Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY. |
| | PHILIP J. LEVITZ, Assistant Solicitor General, (Barbara D. Underwood, Solicitor General, Judith N. Vale, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General State of New York, Albany, NY. |

    Appeal from an order of the United States District Court for the Southern District of New York (Schofield, J.).

    **UPON DUE CONSIDERATION,** the November 29, 2022, order of the District Court is **VACATED**, and this case is **REMANDED** for further proceedings consistent with this Order.

---

[1] The Clerk of Court is directed to amend the caption of the case to substitute Steven Nigrelli for Kevin Bruen as the Acting Superintendent of the New York State Police pursuant to Federal Rule of Appellate Procedure 43(c)(2).

Plaintiff-appellant Jonathan Corbett ("Corbett") appeals from the District Court's November 29, 2022, order denying his motion for a preliminary injunction. On April 14, 2022, Corbett submitted an online application to the New York Police Department licensing division for a permit to own and carry a concealed weapon on his person and outside of his home. While Corbett's application was pending, and in response to New York State Rifle & Pistol Association, Inc. v. Bruen, 142 S. Ct. 2111 (2022), the State of New York enacted the Concealed Carry Improvement Act ("CCIA"). The CCIA requires, as relevant here, that before issuance or renewal of a concealed-carry license, the "applicant shall complete an in-person live firearms safety course," which includes "a minimum of sixteen hours of in-person live curriculum . . . and . . . a minimum of two hours of a live-fire range training course." N.Y. Penal Law §400.00(19). In July 2022, Corbett sued several New York State and New York City officials alleging that this training requirement "unnecessarily, intentionally, and unreasonably" restricted his "right to keep and bear arms," in violation of the Second Amendment. Joint App'x at 11. We assume the parties' familiarity with the underlying facts and procedural history of the case, to which we refer only as necessary to explain our decision to vacate the District Court's order.

On September 28, 2022, while his concealed-carry application was still pending and incomplete, Corbett filed a motion for a preliminary injunction seeking to enjoin the enforcement of the CCIA's training requirement. On November 29, 2022, the District Court denied Corbett's motion, finding that he had not established a likelihood of success on the merits in showing that the training requirement was unconstitutional. Before

3

reaching that conclusion, the District Court "assum[ed] without deciding that [Corbett] is likely to be able to show that he has standing to challenge the training requirement." Joint App'x at 237.

Because standing "is the threshold question in every federal case," we begin our discussion there. Warth v. Seldin, 422 U.S. 490, 498 (1975); see also Dep't of Educ. v. Brown, 600 U.S. 551, 560 (2023) ("We have an obligation to assure ourselves of litigants' standing under Article III before proceeding to the merits of a case." (citation and quotation marks omitted)). "We review questions of standing de novo." Jackson-Bey v. Hanslmaier, 115 F.3d 1091, 1095 (2d Cir. 1997).

The Supreme "Court has made clear its disapproval of so-called hypothetical jurisdiction — the assumption of jurisdiction for the purpose of deciding the merits — in cases where a court would 'resolve contested questions of law when its jurisdiction is in doubt.'" Monegasque De Reassurances S.A.M. v. Nak Naftogaz of Ukraine, 311 F.3d 488, 497 (2d Cir. 2002) (quoting Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101 (1998)). We have interpreted the "bar on hypothetical jurisdiction" to apply "only to questions of Article III jurisdiction" in cases presenting a constitutional issue. Butcher v. Wendt, 975 F.3d 236, 242 (2d Cir. 2020) (citation and quotation marks omitted).

The District Court improperly assumed that Corbett had Article III standing to challenge the CCIA's training requirement. The District Court did not undertake the required inquiry to ensure that it had subject matter jurisdiction before proceeding to a determination of the merits. By assuming hypothetical jurisdiction over Corbett's challenge to the CCIA's training requirement, the District Court left unresolved "factual

and legal issues bearing on the Article III standing of" Corbett. Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C., 433 F.3d 181, 203 (2d Cir. 2005).

Jurisdictional questions of this sort "should be addressed in the first instance by the District Court," and thus, we cannot address the merits of the appeal "[u]ntil the jurisdictional question is decided." Id. Accordingly, we remand this matter to the District Court to resolve the Article III standing questions in the first instance. Following the District Court's decision, any party to this appeal may restore jurisdiction to this Court within thirty days by letter to the Clerk's Office seeking review. The letter shall state that the case will be heard by this Panel upon letter briefs to be filed according to a schedule set by the Clerk. See United States v. Jacobson, 15 F.3d 19, 21-22 (2d Cir. 1994). An additional notice of appeal will not be needed. If any circumstances obviate the need for the case to return to this Court, the parties shall promptly notify the Clerk's Office in writing.

For the foregoing reasons, the November 29, 2022, order of the District Court is **VACATED,** and the case is **REMANDED** for further proceedings consistent with this Order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court