# 22-3210

# United States Court Of Appeals for the Second Circuit

_____

JONATHAN CORBETT,
*Plaintiff-Appellant*

v.

KATHLEEN HOCHUL ET AL.
*Defendants-Appellees*

_____

On Appeal from the United States District Court for the
Southern District of New York (Hon. Lorna G. Schofield)

_____

**SUPPLEMENTAL BRIEF OF PLAINTIFF-APPELLANT JONATHAN CORBETT**

_____

JONATHAN CORBETT, ESQ.
**CORBETT RIGHTS, P.C.**
5551 Hollywood Blvd., Suite 1248
Los Angeles, CA 90028
Phone: (310) 684-3870
FAX: (310) 675-7080
E-mail: jon@corbettrights.com
*Attorney Proceeding* Pro Se

# JURISDICTIONAL STATEMENT

On August 20th, 2024, the Court ordered the case stayed, pending a decision in *Giambalvo v. Suffolk County*, No. 23-208 (2nd Cir. 2025), and requested subsequent supplemental briefing regarding that case and *United States v. Rahimi*, 602 U.S. 680 (2024). As *Giambalvo* has been decided, Plaintiff files this supplemental brief to address these two cases.

# THE *GIAMBALVO* CASE

*Giambalvo* is a challenge to a district court's denial of a motion for preliminary injunction, as this one, including to the training requirement challenged in this case. However, the *Giambalvo* court did not have an opportunity to consider actual argument against the training requirement, as the opening brief in that case failed to make any argument other than a mere allegation that the requirement is illegal and grumbling that it is costly. <u>See</u> *Giambalvo* at *32 ("Here, the Applicants fail to make any argument to persuasively rebut the presumptive validity of the CCIA's 18-hour firearms training requirement.").

The instant case directly argues the point to the Court, thus enabling the Court to conduct the analysis that the *Giambalvo* court could not.

## THE *RAHIMI* CASE

*Rahimi* involves a challenge to the restrictions on firearms placed upon those with domestic violence restraining orders. Relevant to this case, *Rahimi* discusses how to apply the Supreme Court's mandate to look at historical firearms legislation in determining if a modern firearms restriction is Constitutional.

However, in this case, there is no analogous or otherwise comparable historical requirement, as discussed in Plaintiff-Appellant's opening brief; it thus provides little guidance.

## CONCLUSION

The cases discussed offer little guidance to the Court. Plaintiff-Appellant asks the Court to hold oral arguments and decide his case on the merits.

Dated: New York, New York
      October 29th, 2025

Respectfully submitted,

_____
Jonathan Corbett, Esq.
**CORBETT RIGHTS, P.C.**
*Attorney Proceeding* Pro Se
5551 Hollywood Blvd., Suite 1248
Los Angeles, CA 90028
Phone: (310) 684-3870
FAX: (310) 675-7080
E-mail: jon@corbettrights.com