MANDATE

22-3210-cv
*Corbett v. Hochul, et al.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand twenty-five.

PRESENT:     JOSÉ A. CABRANES,
             SARAH A. L. MERRIAM,
                  *Circuit Judges*,
             JENNIFER L. ROCHON,
                  *District Judge.*[*]

_____

JONATHAN CORBETT,

    *Plaintiff-Appellant*,

      v.                                          22-3210-cv

KATHLEEN HOCHUL, in her official capacity
as chief executive of the State of New York;
LETITIA JAMES, in her official capacity as
Attorney General of the State of New York;
ERIC L. ADAMS, in his official capacity as
Mayor of the City of New York; JESSICA S.

_____

[*] Judge Jennifer L. Rochon of the United States District Court for the Southern District of New York, sitting by designation.

MANDATE ISSUED ON 12/17/2025

TISCH, in her official capacity as Commissioner of the New York Police Department; INSPECTOR HUGH BOGLE, in his official capacity as Commanding Officer of the New York Police Department, Licensing Division; STEVEN JAMES, in his official capacity as Superintendent of the New York State Police,[1]

      *Defendants-Appellees.*

_____

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | JONATHAN CORBETT, Corbett Rights, P.C., Los Angeles, CA. |
| FOR DEFENDANTS-APPELLEES: | ELINA DRUKER (Richard Dearing, Claude S. Platton, *on the brief*), *for* Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY. |
| | PHILIP J. LEVITZ, Assistant Solicitor General, (Barbara D. Underwood, Solicitor General; Judith N. Vale, Deputy Solicitor General; *on the brief*), *for* Letitia James, Attorney General of the State of New York, Albany, NY. |

Appeal from a November 29, 2022, order of the United States District Court for the Southern District of New York (Schofield, *J.*).

**UPON DUE CONSIDERATION,** the order of the District Court is **AFFIRMED**.

---

[1] The Clerk of Court is directed to amend the caption of the case to substitute Jessica S. Tisch for Keechant Sewell as Commissioner of the New York Police Department and Steven James for Steven A. Nigrelli as the Superintendent of the New York State Police pursuant to Federal Rule of Appellate Procedure 43(c)(2).

Plaintiff-appellant Jonathan Corbett appeals from the District Court's November 29, 2022, order denying his motion for a preliminary injunction. Corbett seeks to enjoin the enforcement of New York State's firearms-training requirement for the issuance or renewal of a concealed-carry license, pursuant to the Concealed Carry Improvement Act ("CCIA"). *See* N.Y. Penal Law §400.00(19). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

## **BACKGROUND**

In 2022, while his application for a permit to own and carry a concealed weapon was pending before the New York Police Department Licensing Division, New York enacted the CCIA. In response, Corbett initiated this action against several New York State and New York City officials (the "State" and "City" defendants, respectively), alleging that the CCIA firearms-training requirement[2] "unnecessarily, intentionally, and unreasonably restricts his ability" to "keep and bear arms" in violation of the Second Amendment.[3] Joint App'x at 11. Corbett sought a preliminary injunction barring enforcement of the firearms-training requirement.

---

[2] The firearms-training requirement provides that, as a prerequisite to obtaining a license, "an applicant shall complete an in-person live firearms safety course conducted by a duly authorized instructor," including "a minimum of sixteen hours of in-person live curriculum" and "a minimum of two hours of a live-fire range training course." N.Y. Penal Law §400.00(19).

[3] While Corbett initially contested the constitutionality of additional CCIA requirements, the District Court concluded that Corbett lacked standing to challenge them. On appeal, Corbett does not dispute the District Court's conclusion as to those requirements; we therefore deem those claims abandoned. *See Shakur v. Selsky*, 391 F.3d 106, 119 (2d Cir.

On November 29, 2022, the District Court denied the motion for a preliminary injunction, first assuming without deciding that Corbett had standing to challenge the firearms-training requirement, but then concluding that he had not carried his burden of showing that he was likely to succeed on the merits of his claim that the firearms-training requirement is unconstitutional.  Corbett appealed.  This Court vacated the District Court's order and remanded, pursuant to *United States v. Jacobson*, 15 F.3d 19, 21-22 (2d Cir. 1994), for the District Court to conduct the threshold standing analysis.[4]  *See Corbett v. Hochul*, No. 22-3210-cv, 2023 WL 7538202, at *2 (2d Cir. Nov. 14, 2023) (summary order).  On remand, the District Court concluded that Corbett has standing to challenge the firearms-training requirement against the City defendants, but not against the State defendants.  *See Corbett v. Hochul*, No. 1:22CV05867(LGS), 2024 WL 3553132, at *1 (S.D.N.Y. July 26, 2024).  The District Court's prior order denying the preliminary injunction was unaffected by the standing decision.  *See id.* at *4.

Following the standing decision, we reinstated Corbett's appeal of the merits of the preliminary-injunction motion but held it in abeyance pending this Court's decision in *Giambalvo v. Suffolk County*, which was issued on September 12, 2025.  *See Giambalvo v. Suffolk Cnty.*, 155 F.4th 163 (2d Cir. 2025).  At the Court's request, the parties

---

2004) ("It is well established that an argument not raised on appeal is deemed abandoned and lost.").

[4] On May 14, 2024, while this matter was on remand, the New York Police Department Licensing Division denied Corbett's application for a concealed carry permit.  *See Corbett v. Hochul*, No. 1:22CV05867(LGS), 2024 WL 3553132, at *2 (S.D.N.Y. July 26, 2024).

4

submitted supplemental letter briefs addressing the effect of *Giambalvo* and the Supreme Court's opinion in *United States v. Rahimi*, 602 U.S. 680 (2024), on the issues raised in this appeal.

## **DISCUSSION**

We first address the threshold issue of standing. We agree with the District Court's thorough and well-reasoned analysis of this issue, and we conclude, as the District Court did, that Corbett has standing to challenge the training requirement as against the City defendants, but not against the State defendants.[5] *See Corbett*, 2024 WL 3553132, at *2-4. We therefore proceed to the merits.

"We review the denial of a motion for a preliminary injunction for abuse of discretion, which we will identify only if the decision rests on an error of law or a clearly erroneous finding of fact, or cannot be located within the range of permissible decisions." *Giambalvo*, 155 F.4th at 174 (citation modified).

> A preliminary injunction is an extraordinary remedy never awarded as of right. Ordinarily, a plaintiff seeking a preliminary injunction must establish (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. However, when, as here, the preliminary injunction will affect government action taken in the public interest pursuant to a statutory or regulatory scheme, it should be granted only if the moving party meets the more rigorous likelihood-of-success standard. That is, [the plaintiff] must establish a clear or substantial likelihood of success on the merits.

*Id.* (citation modified).

---

[5] Corbett does not contest the District Court's conclusion that he lacks standing as against the State defendants; he has therefore abandoned any challenge to that conclusion. *See Shakur*, 391 F.3d at 119.

Corbett contends that the District Court abused its discretion in concluding that he is not likely to succeed on the merits of his facial Second Amendment challenge to the constitutionality of the CCIA firearms-training requirement. Applying *Giambalvo*, we disagree. "The Second Amendment, made applicable to the states through the Fourteenth Amendment, provides: 'A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.'" *Giambalvo*, 155 F.4th at 176 (quoting U.S. Const. amend. II). In *National Rifle & Pistol Association v. Bruen*, 591 U.S. 1 (2022), the Supreme Court "articulated a two-step framework to evaluate Second Amendment challenges. First, we must ask whether the Second Amendment's plain text covers an individual's conduct." *Giambalvo*, 155 F.4th at 176 (citation modified). If it does, "then the Constitution presumptively protects that conduct, and the government must then justify its regulation by demonstrating that [the regulation] is consistent with the Nation's historical tradition of firearm regulation." *Id.* (citation modified).

In *Giambalvo*, this Court affirmed the denial of a motion seeking to enjoin the enforcement of several CCIA licensing requirements, including the same firearms-training requirement that Corbett challenges here. *See id*. at 170-71. Specifically, we held that the "the CCIA's 18-hour firearms training requirement is likely constitutional." *Id.* at 181. We explained that, in both *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *Bruen*, "the Supreme Court has included firearm training requirements as part of presumptively constitutional shall-issue licensing regimes." *Id.* As a result, a plaintiff "seeking to preliminarily enjoin the enforcement of a firearms training requirement must

make at least *some* showing to overcome this presumptive constitutionality as part of their burden of establishing a clear or substantial likelihood of success on the merits." *Id.* (citation modified) (emphasis in original). Moreover, a facial challenge "requires a [party] to establish that no set of circumstances exists under which the [challenged provision] would be valid." *Rahimi*, 602 U.S. at 693 (citation modified).

In *Giambalvo*, we concluded that the plaintiffs had "fail[ed] to make any argument to persuasively rebut the presumptive validity of the CCIA's 18-hour firearms training requirement." *Giambalvo*, 155 F.4th at 181.[6] Corbett fares no better. Corbett makes only one substantive argument: that there is no historical analog to training requirements for firearms licenses, and therefore the firearms-training requirement does not pass muster under the *Bruen* framework. But as we explained in *Giambalvo*, "in *Bruen*, the Supreme Court went out of its way to clarify that 'nothing in [its] analysis should be interpreted to suggest the unconstitutionality of the 43 States' "shall-issue" licensing regimes,'" and that such regimes "are not constitutionally suspect." *Id.* (quoting *Bruen*, 597 U.S. at 13 n.9). *Bruen* therefore supports, rather than undermines, the constitutionality of the CCIA firearms-training requirement. Accordingly, Corbett has failed to show a substantial likelihood of success on the merits, and we find no abuse of discretion in the District Court's order denying the preliminary injunction.

---

[6] The *Giambalvo* plaintiffs argued that the firearms-training requirement was facially unconstitutional because the 18-hour training courses were too costly; we found that argument insufficient to rebut the presumptive constitutionality of the requirement "because at least some of the training courses being offered are not so prohibitively expensive so as to rise to a Second Amendment violation." *Giambalvo*, 155 F.4th at 182.

We have considered Corbett's remaining arguments and find them to be without merit.  For the foregoing reasons, the order of the District Court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

A True Copy

Catherine O'Hagan Wolfe, Clerk

United States Court of Appeals, Second Circuit

8